IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 27, 2016


**STATE OF TENNESSEE v. MARY DREW GENTRY**


**Appeal from the Circuit Court for Blount County**
**No. C21210      David R. Duggan, Judge**

_____

**No. E2015-01738-CCA-R3-CD – Filed May 23, 2016**

_____


Mary Drew Gentry ("the Defendant") appeals the Blount County Circuit Court's order revoking her probation and imposing her three-year sentence for burglary. On appeal, the Defendant acknowledges that she violated probation but argues that the trial court should have imposed split confinement and community corrections rather than ordering her to serve her sentence. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

J. Liddell Kirk (on appeal), Knoxville, Tennessee; and Mack Garner, District Public Defender (at trial), Maryville, Tennessee, for the appellant, Mary Drew Gentry.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Mike Flynn, District Attorney General; and Shari Tayloe, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**


In September 2012, the Defendant entered a conditional guilty plea to a charge of burglary and was placed on judicial diversion for three years. In August 2013, the trial court found that the Defendant violated the terms of her of supervision, removed the Defendant from judicial diversion, and placed the Defendant on "enhanced probation." On July 29, 2015, a violation of probation warrant was filed, alleging that the Defendant had violated the rules of probation in the following ways:

Rule #1: [The Defendant] was arrested by University of Tennessee Medical Center Security for Theft under $500, Evading Arrest, and Possession of Legend Drug without Prescription on 07/28/2015.

Rule #2: [The Defendant] failed to report arrest to Probation Officer on 07/29/2015.

Rule #4: [The Defendant] has not provided documentation of working at a lawful occupation since 05/06/2014.

Rule #5: During the month of April 2015, [the Defendant] did not report change of residence to Probation Officer.

Rule #5: During the month of May 2015, [the Defendant] did not report change of residence to Probation Officer.

Rule #6: [The Defendant] failed to report to Probation Office on 07/28/2015 as directed.

Rule #8: [The Defendant] signed an Admission of Drug Usage Form admitting to the possession and consumption of Methadone, Marijuana, and Benzodiazepines on 12/26/2014.

Rule #9: [The Defendant] has not made the agreed Court Cost Payment since 03/24/[20]15 and has an arrearage balance of $985.75, as per information provided by the Circuit Court Clerk's Office on 07/29/2015.

Rule #9: [The Defendant] has not made a Supervision Fee Payment since 12/01/2014 and has an arrearage balance of $755, as per TDOC Fiscal Fee System on 07/29/2015.

At a revocation hearing, Timothy Belcher testified that he worked as a probation officer with the Tennessee Department of Correction. Mr. Belcher began supervising the Defendant's probation in March 2015 after the Defendant's probation was transferred to his caseload. He stated that the Defendant was on "enhanced probation," which he explained was "a little more strict" than regular probation and "kind of a middle ground . . . in between regular [probation] and jail." Mr. Belcher stated that, on enhanced probation, a defendant was supposed to report three times a month and have one home visit per month. Additionally, a defendant on enhanced probation had a curfew of 6:00 p.m.

Regarding his supervision of the Defendant, Mr. Belcher recalled that in April and May of 2015, the Defendant changed her place of residence without informing him. Additionally, on July 28, 2015, the Defendant was arrested by the UT Medical Center Police and charged with theft under $500, evading arrest, and possession of a legend drug without a prescription. Mr. Belcher stated that the Defendant failed to report her arrest to him, and he noted that the charges were "[s]till pending." Mr. Belcher also testified that the Defendant had not provided proof of lawful employment since May 2014.

Regarding her change of residence, Mr. Belcher stated that, until April 2015, the Defendant was living at an address in Sevierville. Although the Defendant's previous probation officer had instructed her to move back to Blount County, the Defendant failed to do so. The Defendant was evicted from her Sevierville residence in March 2015 and reported her new address to Mr. Belcher in April, but he later learned that she was not living at the new address. On May 5, 2015, Mr. Belcher confronted the Defendant about where she was residing, and she provided him with another address. Mr. Belcher conducted a home check at the address on May 12, 2015, and found that the house was abandoned. Mr. Belcher learned from a neighbor that there had been a drug raid at the residence.

Mr. Belcher testified that the Defendant's reporting to probation had been "hit or miss, depending on her ride." He explained that, "[m]ore often than not," the Defendant said that she did not have a ride, and they rescheduled her appointments. Mr. Belcher recalled that the Defendant had been scheduled to report on July 28, 2015, but she failed to keep the appointment. When the Defendant reported the following day, Mr. Belcher had the Defendant arrested on the probation violation warrant. Mr. Belcher explained that the Defendant had not reported at all in July 2015. Rather, she had called him to reschedule each of her appointments because her son was in the hospital.

According to Mr. Belcher, the Defendant admitted to using methadone, marijuana, and "benzos" in December 2014. The Defendant passed a drug test on April 2, 2015. Mr. Belcher stated that the last payment he received from the Defendant on court costs was paid in May 2015. The last supervision fee payment he received was made in December 2014.

Mr. Belcher testified that the Defendant had previously violated probation in August 2013, which led to the Defendant's being removed from judicial diversion. Mr. Belcher stated that violation was based upon her arrest in Jefferson County for theft under $500 and absconding. He further stated that the Defendant's prior probation officer also had problems with the Defendant changing her residence without permission.

The Defendant testified that she previously violated her probation in 2013 and that she served 180 days in jail following the violation. After her release from jail on May 5, 2014, the Defendant was placed on enhanced probation and moved into her father's house in Blount County. In December 2014, her father passed away. The Defendant and her mother were evicted from her father's house in March 2015. The Defendant acknowledged that, at one point, Mr. Belcher confronted her about where she was living, and she gave him a new address of the trailer park at Four Points in Sevierville. When Mr. Belcher tried to conduct a home visit, she had already moved from that address to Arrow Motel in Knoxville where she stayed until the date of her arrest on July 28, 2015.

The Defendant stated that her boyfriend had since obtained stable housing in Sevier County. She stated that she did not have the means to move back to Blount County as requested by her probation officer. The Defendant stated that she had worked as a stay-at-home mother since she was eighteen years old and that, when she was pregnant, she was not able to work due to health concerns.

Regarding her new charges, the Defendant testified that she was arrested in the parking garage at UT Medical Center after she stole some food from the cafeteria. At the time of her arrest, the Defendant had in her possession Neurontin, which she stated belonged to a friend. The Defendant said that she had put the medication in her purse after seeing it in her friend's car and that she forgot to hand it to her friend before they went into the hospital.

The Defendant testified that her problem with opiate abuse began in 2011. However, she stated that she had been "clean" until her father passed away in December 2014 and that she took some of her father's prescription medication after he died. The Defendant later admitted to her probation officer that she used the drugs. Following this admission, her probation officer instructed the Defendant to get an alcohol and drug assessment and obtain counseling. The Defendant stated that she followed these directives and began counseling in February 2015. Additionally, the Defendant stated that while she was pregnant with her last child, who was born in July 2015, she was prescribed Subutex as an opiate substitute. The Defendant said that she had not used any illegal drugs since she was put on Subutex but that she was taken off Subutex after she was placed in jail. The Defendant said that she needed drug treatment and that she had never been in intensive or long-term treatment.

On cross-examination, the Defendant stated that she entered a conditional plea in September 2012 and was placed on judicial diversion for three years. However, in 2013, a violation of probation warrant was issued, and she was removed from judicial diversion. She testified that the grounds for the violation in 2013 were her arrest on new charges in Jefferson County, moving from her residence without permission, and not

paying court costs and restitution. The Defendant stated that she understood the strict conditions placed on her through enhanced probation. She admitted that she did not report her July 28, 2015 arrest to Mr. Belcher. She also admitted that she had not been employed since May 2014 and that, in December 2014, she used methadone, marijuana, and benzodiazepines.

At the conclusion of the revocation hearing, the trial court found that the Defendant had materially violated the terms of her probation, revoked the Defendant's probation, and ordered the Defendant to serve her sentence in confinement. This timely appeal followed.

## Analysis

On appeal, the Defendant contends that the trial court erred in ordering her to serve her sentence in confinement after finding that she violated probation. The Defendant does not contest the trial court's finding that she violated probation but argues that the trial court should have imposed "a more reasonable solution" of split confinement and community corrections. She asserts that her inability to comply with probation was due to a series of housing problems, a brief relapse on drugs precipitated by the death of her father, and a lack of financial resources. The State responds that the trial court properly exercised its discretion in ordering the Defendant to serve her sentence. We agree with the State.

Upon a finding by a preponderance of the evidence that a defendant has violated a condition of his or her probation, a trial court may revoke probation and order the imposition of the original sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2014); State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). Proof of a violation does not need to be established beyond a reasonable doubt. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984). We will not disturb the trial court's ruling on appeal absent an abuse of discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, a defendant must show that there is "no substantial evidence" in the record to support the trial court's determination that a violation of probation has occurred. Id. If the record clearly shows that "the trial judge exercised conscientious judgment in making the decision rather than acting arbitrarily[,]" there is no abuse of discretion. State v. Leach, 914 S.W.2d 104, 107 (Tenn. Crim. App. 1995).

Once a trial court has determined that a violation of probation has occurred, the court has the discretionary authority to: "(1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate

- 5 -

modified conditions; or (4) extend the defendant's probationary period by up to two years." State v. Brandon L. Brawner, No. W2013-01144-CCA-R3-CD, 2014 WL 465743, at *2 (Tenn. Crim. App. Feb. 4, 2014) (citing Tenn. Code Ann. §§ 40-35-308(a), -308(c), -310, -311(e); State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999)). The determination of the proper consequences of the probation violation embodies a separate exercise of discretion. State v. Reams, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

In the present case, the trial court found that the Defendant materially violated the terms of probation by failing to: report her arrest on new charges to her probation officer; provide work documentation since May 2014; report a change of residence to her probation officer during the month of May 2015; pay court costs and supervisions fees; and report as scheduled on July 28, 2015. The trial court also found that the Defendant violated probation by admitting to using methadone, marijuana, and benzodiazepines on December 26, 2014. Upon review, the record fully supports the trial court's determination that the Defendant violated the terms of her probation and that revocation of the Defendant's probation was justified.

The trial court noted that the violation was the Defendant's second violation of probation and that the Defendant was initially given diversion. The Defendant was then placed on enhanced probation and "now here we are again." The trial court stated that it had "no reason to believe that [the Defendant is] going to comply with the rules of probation or Community Corrections" and ordered the Defendant to serve her sentence in confinement. "[I]f a trial court determines that a defendant has violated the conditions of probation, it has the authority to revoke the defendant's probation and cause execution of the original judgment." Hunter, 1 S.W.3d at 646. In this case, the trial court's decision was reasonable and not an abuse of discretion in light of the Defendant's history of non-compliance with probation. The Defendant violated conditions of judicial diversion in 2013 and was placed on enhanced probation. She then violated several of the conditions of her enhanced probation. Having already provided the Defendant with two chances on probation, the trial court was well-within its authority to order that she serve her three-year sentence in confinement. This issue is without merit.

## Conclusion

For the aforementioned reasons, we affirm the judgment of the trial court.


_____
ROBERT L. HOLLOWAY, JR., JUDGE